IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                    Case No. 4:14-cr-00152-02 KGB

ROBERT KEITH MIZE                                                                     DEFENDANT

## ORDER

Before the Court is defendant Robert Keith Mize's *pro se* motion for compassionate release and to appoint counsel (Dkt. No. 337). The government responded in opposition to the motion (Dkt. No. 342). For the following reasons, the Court denies Mr. Mize's motion for compassionate release and denies as moot Mr. Mize's motion to appoint counsel (Dkt. No. 337).

I.    Background

On February 16, 2016, Mr. Mize pled guilty to conspiracy to possess with intent distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (Dkt. Nos. 253, 254). On October 17, 2016, this Court sentenced Mr. Mize to 144 months of imprisonment in the Bureau of Prisons ("BOP") (Dkt. Nos. 270, 271).

In his pending motion for compassionate release, Mr. Mize states that the Court should grant him compassionate release and relies primarily on the risks of contracting COVID-19 in an institutional setting (Dkt. No. 337). Mr. Mize states that he has been on lock down because of COVID-19; people are dying all around him; he has minimal contact with family; he can only buy $25.00 worth of commissary every three weeks; and he has a 92 year old grandmother with whom he would like to spend time (*Id.*, at 1). Mr. Mize contends he has 53 months left on his sentence but is participating in a residential drug treatment program that could reduce that by 12 months (*Id.*). He asserts that he is 49 years old (*Id.*). Mr. Mize does not include a specific release plan nor

does he address whether he requested relief from the BOP prior to filing his motion. The government does not contest this Court's jurisdiction to resolve the motion. Instead, the government argues that compassionate release is not warranted in this case (Dkt. No. 342, at 2-12). As a result, the Court will assess the merits of Mr. Mize's motion for compassionate release.

## II. Discussion

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A).

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020). The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP. *See id.*; *accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act. To the extent Mr. Mize seeks relief from this Court under the CARES Act, the Court denies his motion.

The Court interprets Mr. Mize's motion to be a request pursuant to the compassionate release provision of the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–40 (2018) (codified at 18 U.S.C. § 3582). For the following reasons, the Court denies Mr. Mize's motion for compassionate release.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)).

Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority. *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979). The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed. *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons. The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP. *See* 18 U.S.C. § 3582(c)(1). Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The BOP may oppose a defendant's motion for compassionate release. The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples. The Court acknowledges that this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n.1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) the defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in

physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

Mr. Mize in his motion takes issue generally with the BOP's operation of the facility where he is housed contending that the BOP has kept him on lock down, has not permitted commissary or visits from family, and has not taken steps to prevent the spread of COVID-19 within the facility (Dkt. No. 337). Mr. Mize does not assert any serious medical conditions that make him more susceptible to suffering serious illness or death if he were to contract COVID-19, and the government represents that Mr. Mize's medical records show that he has not been diagnosed with any such conditions (Dkt. No. 342, at 4). The government contends that compassionate release is not warranted in this case because Mr. Mize remains a danger to the community (Dkt. No. 342, at 8-10).

In the Court's assessment, Mr. Mize meets neither the minimum age requirement nor the served-time requirement under the Guideline (Dkt. No. 337, at 1). Further, the Court determines that, on the record presented, fear of contracting COVID-19 is not an extraordinary or compelling enough reason for release. The Court recognizes Mr. Mize's family circumstances and concerns. However, these circumstances and concerns, taken alone or together with his COVID-19 concerns, do not present "extraordinary and compelling" reasons for release.

Even if Mr. Mize could establish extraordinary and compelling reasons, the Court would deny his request for compassionate release based on consideration of the 18 U.S.C. § 3142(g) and

18 U.S.C. § 3553(a) factors, all of which the Court has considered. Specifically, here, the Court considers the nature and circumstances of the offense, the history and characteristics of Mr. Mize, and protecting the public from additional crimes by Mr. Mize. *See* 18 U.S.C. §§ 3142(g)(1), (4); 18 U.S.C. §§ 3553(a)(1), (2)(c).

Mr. Mize pled guilty to conspiracy to possess with intent distribute methamphetamine (Dkt. Nos. 253, 254). The government represents, and Mr. Mize does not contest, that he has an extensive criminal history including convictions for attempted statutory burglary, embezzlement, assault and battery on a police officer, possession of methamphetamine, assault and battery on a family member, possession a controlled substance, terroristic threatening, and criminal use of a prohibited weapon (*See* Presentence Investigation Report). Mr. Mize also threatened officers with bodily harm when he was being taken into custody (*Id.*). Based on Mr. Mize's criminal history, when given the opportunity to do so in the past, Mr. Mize has failed to conform his conduct to what the law requires. Based on the record before the Court and for the reasons explained, the Court denies his motion for compassionate release at this time.

### III.     Conclusion

Based on the findings of fact and conclusions of law above, the Court denies Mr. Mize's motion for compassionate release and denies as moot Mr. Mize's motion to appoint counsel (Dkt. No. 337).

It is so ordered this 13th day of December, 2021.

_____
Kristine G. Baker
United States District Judge